UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THERESA A. NYE, | ) |
| | ) NO. |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| | ) |
| TACOMA CASINO, LLC, a Washington limited liability company; CHIPS CASINO, LLC, a Washington limited liability company; MICHELS DEVELOPMENT, LLC, a Washington limited liability company; EVERGREEN GAMING, LLC, a Washington limited liability company; and JOHN and JANE DOES 1– 10, | ) (JURY DEMAND) |
| Defendants. | ) |

Plaintiff Theresa A. Nye, by and through her attorney, hereby alleges as follows:

**PARTIES**

1. Plaintiff Theresa A. Nye resides in Pierce County, Washington.

COMPLAINT - 1

**LAW OFFICES OF J. GARY NECE, PS, INC.**
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 621-0619
(206) 621-7323 (fax)

2. Defendant Tacoma Casino, LLC d/b/a Chips Casino Lakewood (hereinafter "Chips Casino") is a Washington limited liability company doing business in the State of Washington. Chips Casino is an employer in Washington and is a former employer of Ms. Nye.

3. Defendant Michel's Development, LLC (hereinafter "Michels") is a Washington limited liability company doing business in the State of Washington. On information and belief, Michels is a former employer in Washington of Ms. Nye.

4. Defendant Evergreen Gaming, LLC (hereafter "Evergreen") is/was a Washington limited liability company doing business in the State of Washington. On information and belief, Evergreen is a former employer in Washington of Ms. Nye.

5. John and Jane Does, whose names and whereabouts are currently unknown, made decisions affecting the terms and conditions of Ms. Nye's employment including, without limitation, the termination of her employment.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over the plaintiff's claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*). This Court has supplemental jurisdiction over her related state claims, pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper because all of the events that support the plaintiff's allegations occurred in this district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Ms. Nye has sufficiently exhausted her administrative remedies, as required by Title VII, by filing a charge against defendants with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 38F-2010-00030. After a thorough investigation, the EEOC

COMPLAINT - 2

issued a cause determination in Ms. Nye's favor. Ms. Nye subsequently received a Notice of Right to Sue and brought this action within ninety days of her receipt of such notice.

## FACTS

9. Plaintiff Theresa A. Nye is a female.

10. Ms. Nye began working at Chips Casino in December 2003. She performed her work in at least a satisfactory manner and was considered by management to be a "good employee". During all relevant times, she was employed as a bartender and a waitress.

11. In December 2009, Ms. Nye and other female employees were commanded by defendants, in writing, as follows: "If you were assigned something to wear, you MUST wear that." Defendants assigned Ms. Nye and other women skimpy and revealing costumes purchased by defendants, advertised by Frederick's of Hollywood as "sexy costumes and novelty". Defendants required that costumes be worn throughout the holiday season.

12. Defendants did not require males to wear skimpy and revealing costumes.

13. After her first shift wearing defendants' costume, Ms. Nye was subjected to demeaning and degrading sexual comments and innuendo by customers. The comments were extreme, unwanted and pervasive and had the effect of creating a working environment that was hostile and offensive. The harassment negatively altered the terms and conditions under which Ms. Nye was forced to work.

14. After her shift, Ms. Nye's reported the sexual harassment to management and refused to wear the costume again. Management failed to take prompt and effective steps to address Ms. Nye's (and other female employees') concerns about the costumes and failed to remedy the sexual harassment by continuing to require that she and other female employees wear the skimpy costumes.

COMPLAINT - 3

LAW OFFICES OF J. GARY NECE, PS, INC.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 621-0619
(206) 621-7323 (fax)

15. Following Ms. Nye's reports to her supervisor and to Human Resources, the harassment towards her continued and increased. When Ms. Nye told her supervisor about the harassment, her supervisor said he wanted nothing to do with the situation and didn't want to jeopardize his job. Defendants' human resources manager told Ms. Nye she was sorry she could not change the way Ms. Nye's body looked and suggested that Ms. Nye "do dishes".

16. Because of her reports to management, Ms. Nye was also subjected to additional retaliation, including taking her off the schedule and not responding to her calls. Ms. Nye repeatedly called, texted, and left phone messages in an on-going effort to be placed back on the schedule. Her efforts were in vain. Ms. Nye was told to stop calling and that defendants would contact her. Defendants did not contact her after that.

17. Because Ms. Nye refused to wear defendants' skimpy costume, and because she reported sexual harassment by customers to management, Ms. Nye was not placed back on the schedule. Despite her many attempts to address the matter with management, she was fired and/or constructively discharged.

18. The conduct complained of herein caused Ms. Nye to suffer damages in the form of severe emotional distress, physical suffering, and economic loss, including loss of wages and other benefits of employment.

19. Ms. Nye was terminated by one or more as yet unknown management personnel whose names and whereabouts will be adduced in discovery.

### CLAIMS AGAINST TACOMA CASINO/CHIPS CASINO

20. Plaintiff Nye repeats and re-alleges paragraphs 1 through 19 of this complaint as if fully set forth herein.

COMPLAINT - 4

21. Defendant Chips Casino is liable to Ms. Nye for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

22. Defendant Chips Casino is liable to Ms. Nye for violating RCW 49.60 *et seq.*, including RCW 49.60.180 and RCW 49.60.210.

23. Defendant Chips Casino is liable to Ms. Nye for wrongful discharge under Washington law pursuant to *Thompson v. St. Regis Paper Co.*, 102 Wash. 2d 219, 685 P.2d 1081 (1984), and other legal authority.

### CLAIMS AGAINST MICHELS DEVELOPMENT, LLC

24. Plaintiff Nye repeats and re-alleges paragraphs 1 through 19 of this complaint as if fully set forth herein.

25. Defendant Michels is liable to Ms. Nye for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

26. Defendant Michels is liable to Ms. Nye for violating RCW 49.60 *et seq.*, including RCW 49.60.180 and RCW 49.60.210.

27. Defendant Michels is liable to Ms. Nye for wrongful discharge under Washington law pursuant to *Thompson v. St. Regis Paper Co.,* 102 Wash. 2d 219, 685 P. 2d 1081 (1984), and other legal authority.

### CLAIMS AGAINST EVERGREEN GAMING

28. Plaintiff Nye repeats and re-alleges paragraphs 1 through 19 of this complaint as if fully set forth herein.

29. Defendant Evergreen is liable to Ms. Nye for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

COMPLAINT - 5

LAW OFFICES OF J. GARY NECE, PS, INC.
705 SECOND AVENUE, SUITE 910
SEATTLE, WASHINGTON 98104
(206) 621-0619
(206) 621-7323 (fax)

30. Defendant Evergreen is liable to Ms. Nye for violating RCW 49.60 *et seq.*, including RCW 49.60.180 and RCW 49.60.210.

31. Defendant Evergreen is liable to Ms. Nye for wrongful discharge under Washington law pursuant to *Thompson v. St. Regis Paper Co.*, 102 Wash. 2d 219, 685 P.2d 1081 (1984), and other legal authority.

## JURY DEMAND

Plaintiff Theresa Nye demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the Court award her:

1. Economic damages, including but not limited to past and future wage loss, in an amount to be proven at trial;

2. Damages for emotional distress in an amount to be proven at trial;

3. Reasonable attorneys' fees, costs, and prejudgment interest; and

4. Any such other relief that this Court deems just and equitable under the circumstances of this case.

DATED this  26th  day of August, 2013.

LAW OFFICES OF J. GARY NECE, PS, INC.

 /s/ J. Gary Nece 
J. Gary Nece, WSBA # 15848
705 Second Avenue, Ste 910
Seattle, WA 98104
(206) 621-0619

COMPLAINT - 6